# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION
### 1:08cv371

| | | |
|---|---|---|
| ARGONAUT GREAT CENTRAL INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| Vs. | ) ) | ORDER |
| MCDOWELL COUNTY; DUDLEY GREENE, in his official capacity as Sheriff of McDowell County; JAMES BRANDON WATSON, in his official capacity as a Deputy with the McDowell County Sheriff's Office; KIMBERLY D. FRYE and DAVID L. FRYE as Co-Administrators of the Estate of Kennedy Elizabeth Frye; KATHERINE ELIZABETH FRYE; BRUCE A. ELMORE, JR., as Guardian Ad Litem for Katherine Elizabeth Frye, a minor; KIMBERLY D. FRYE; DAVID L. FRYE; RUTH ANN HUSKINS; and RONNIE HUSKINS, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**THIS MATTER** is before the court on the "Joint Rule 26(f) Report," which was filed November 10, 2008. Review of the pleadings, however, reveals that issues have not joined inasmuch as all defendants have not been served and all defendants

-1-

have not either answered or been defaulted. The following issues appear in the court's docket:

(1) docket entry # 14 does not provide proof of service as to defendant James Brandon Watson as it indicates that the summons was returned "unexecuted" on "8-18-08" with a notation indicating that the "[a]ddress is in Burke County";[1]

(2) there is no proof of service or filed waiver as to Kimberly D. Frye and David L. Frye as Co-administrators of the Estate of Kennedy Elizabeth Frye;[2]

(3) there is no proof of service as to Kimberly D. Frye;[3]

(4) there is no proof of service as to David L. Frye;[4]

(5) there is no proof of service as to Bruce A. Elmore, Jr., as Guardian Ad Litem for Katherine Elizabeth Frye;[5]

---

[1] While service is a prerequisite, there is also no Answer or other responsive pleading or entry of default as to Defendant Watson. Two deputy sheriffs have apparently attempted to sign the same summons on different dates. What each is attesting to is unclear. The better practice is to file an affidavit of service with the return attached.

[2] These defendants have Answered; however, the requirement of filing an affidavit proving service or a waiver is not bypassed. Rule 4(d)(4) & (l), Fed.R.Civ.P.

[3] Ibid.

[4] Ibid.

[5] Ibid.

(6) there is no proof of service as to Kimberly Elizabeth Frye;[6]

(7) there is no Answer or entry of default as to defendant McDowell County;

(8) there is no Answer or entry of default as to Defendant Greene; and

(9) the only parties who have Answered or otherwise responded to the Complaint are: Ruth Ann Huskins and Ronnie Huskins; Kimberly D. Frye and David L. Frye, individually and as Co-Administrators of the Estate of Kennedy Elizabeth Frye; and Bruce A. Elmore, Jr., as Guardian ad litem for Katherine Elizabeth Frye, a minor.

The requirement of conducting an IAC and filing a CIAC as has been done in this case does not arise until issues have been joined. This requirement insures the court that all interested parties are before the court and have had a say in defining the proposed pretrial order. Such requirement is reflected in the Local Civil Rules:

> **(D)** *Joinder of the Issues.* For the limited purpose of these Local Civil Rules, "joinder of the issues" occurs when the final answer to a complaint, third-party complaint, or crossclaim or the final reply to counterclaim has been filed, or the time for doing so has expired. Rule 12 motions contained in an Answer, but not supported by a brief, act as placeholders and do not prevent joinder of the issues. Where Rule 12 motions are filed and briefed, issues will not join

---

[6] To the extent this is the same defendant as was named as a minor represented by a guardian, plaintiff may wish to consider amendment.

until such motions are resolved by the court, unless otherwise ordered by the Court.

L.Cv.R. 16.1(d). When such has been accomplished, the Clerk of this court sends out an ECF notifying counsel of their deadline for completing an IAC and filing the CIAC. None has been issued by the Clerk in this case. The court will, therefore, respectfully strike the CIAC as premature and require counsel for plaintiff to complete the Rule 4 requirements as well as seek default or other relief causing joinder prior to filing a CIAC and entry of a Pretrial Order.

Respective counsel are also advised that this court has, recently, stayed its hand in declaratory judgment actions such as this where there is ongoing litigation in a state tribunal which could also resolve the issue presented. See Crum & Forster Specialty Insur. Co. v. Triple J. Framing, Inc., 5:06cv160 (WDNC 2008); Penn. Nat. Mut. Insur. Co. v. Carriage Park Assoc., LLC, 1:08cv363 (WDNC 2008).

**ORDER**

**IT IS, THEREFORE, ORDERED** that the CIAC filed on November 10, 2008, and appearing as docket entry #21 is, respectfully, **STRICKEN** as premature.

Signed: December 2, 2008

_____
Dennis L. Howell
United States Magistrate Judge